FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WILLIAM COFIELD and BARBARA COFIELD,

                                             Plaintiffs,

    -against-

CITY OF NEW YORK, ERIC RUIZ, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                             Defendants,

-----------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

10 3408

GARAUFIS, J.
CARTER, M.J.

       Plaintiffs WILLIAM COFIELD and BARBARA COFIELD, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs assert supplemental state law claims pursuant to common law and the New York State Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff WILLIAM COFIELD is a twenty-two year old African American man residing in Brooklyn, New York.

7. Plaintiff BARBARA COFIELD is a twenty-six year old African American woman residing in Brooklyn, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, ERIC RUIZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On April 30, 2009, at approximately 7:00 p.m., plaintiffs were lawfully present inside their apartment at 569 Empire Boulevard, Apt. D3, Brooklyn, New York, when the defendant police officers knocked on plaintiff's apartment door. Plaintiff WILLIAM COFIELD opened the apartment door and spoke with defendant ERIC RUIZ. Defendant RUIZ asked plaintiff WILLIAM COFIELD if he had called the police. Plaintiff WILLIAM COFIELD responded that he had not called and defendant RUIZ said, in sum and substance, okay, have a nice day. Plaintiff WILLIAM COFIELD closed the apartment door.

14. A few minutes later, the defendant police officers rang plaintiff's apartment bell. Plaintiff BARBARA COFIELD exited her apartment and spoke with defendant RUIZ and other police officers who requested permission to enter and search the apartment. When plaintiff BARBARA COFIELD explained to the officers that she would not consent to a search of her apartment without a search warrant because there were children in the apartment, NYPD officers grabbed plaintiff BARBARA COFIELD, slammed her into a wall, threw her to the ground, kneed her on her back, and handcuffed her.

15. When plaintiff WILLIAM COFIELD observed the defendants assault BARBARA COFIELD, he stated hold on, it's a misunderstanding. In response, defendant RUIZ struck plaintiff WILLIAM COFIELD in the head with a baton, most likely an ASP tactical baton – a

3

dangerous impact weapon issued to NYPD officers - and told plaintiff WILLIAM COFIELD to get on the ground. While plaintiff WILLIAM COFIELD was bending down to get on the ground, defendant RUIZ repeatedly struck plaintiff with said baton on his legs and back. Thereafter, NYPD officers handcuffed plaintiff WILLIAM COFIELD.

16. The defendants forcefully dragged plaintiffs down flights of stairs, imprisoned them in police vehicles and transported them to a police precinct where plaintiffs were unlawfully imprisoned. The defendants arranged for plaintiff WILLIAM COFIELD's transport to Kings County Hospital for medical treatment. At Kings County Hospital, plaintiff was treated for various injuries including a laceration on his head which required approximately three staples to repair.

17. The defendants and other NYPD officers imprisoned plaintiffs until May 1, 2009, when plaintiffs were arraigned on baseless charges filed in Kings County Criminal Court; said charges having been filed based on the false allegations of defendant RUIZ. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of police misconduct.

18. On May 1, 2009, at their arraignments, the false charges filed against plaintiffs were adjourned in contemplation of dismissal and subsequently dismissed, sealed and otherwise deemed legal nullities.

19. All of the above occurred while other defendant NYPD officers who were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

20. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

4

screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiffs based on their race.

21. As a result of the foregoing, plaintiffs WILLIAM COFIELD and BARBARA COFIELD sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

22. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiffs WILLIAM COFIELD and BARBARA COFIELD, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants arrested plaintiffs WILLIAM COFIELD and BARBARA COFIELD without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints and unlawful force.

30. Defendants caused plaintiffs WILLIAM COFIELD and BARBARA COFIELD to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs WILLIAM COFIELD and BARBARA COFIELD's constitutional rights.

33. As a result of the aforementioned conduct of defendants, plaintiffs WILLIAM COFIELD and BARBARA COFIELD were subjected to excessive force and sustained physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants maliciously issued criminal process against plaintiffs WILLIAM COFIELD and BARBARA COFIELD by causing them to appear in Kings County Criminal Court.

36. Defendants caused plaintiffs WILLIAM COFIELD and BARBARA COFIELD to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants had an affirmative duty to intervene on behalf of plaintiffs WILLIAM COFIELD and BARBARA COFIELD, whose constitutional rights were being violated in their presence by other officers.

39. The defendants failed to intervene to prevent the unlawful conduct described herein.

40. As a result of the foregoing, plaintiffs WILLIAM COFIELD and BARBARA COFIELD were subjected to excessive force, their liberty was restricted for an extended period of time, they were unreasonably delayed medical treatment, they were put in fear of their safety, and they were humiliated and subjected to tight handcuffing and other physical restraints, and detained without probable cause.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiffs WILLIAM COFIELD and BARBARA COFIELD, because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

43. As a result of the foregoing, plaintiffs WILLIAM COFIELD and BARBARA COFIELD were deprived of their rights under the Equal Protection Clause of the United States Constitution.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The supervisory defendants personally caused plaintiffs WILLIAM COFIELD and BARBARA COFIELD'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York Police Department included, but were not limited to, falsely arresting citizens and then committing perjury and/or manufacturing and/or falsifying evidence in an effort to convict such individuals; inadequate training re: use of force and with regard to when and how to properly use the ASP vis a vis the use of force continuum; and a policy of "ASP certifying" officers without proper training and supervision. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs WILLIAM COFIELD and BARBARA COFIELD'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs WILLIAM COFIELD and BARBARA COFIELD.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs WILLIAM COFIELD and BARBARA COFIELD as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs WILLIAM COFIELD and BARBARA COFIELD as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs WILLIAM COFIELD and BARBARA COFIELD were seized, subjected to excessive force, falsely arrested, delayed medical attention, and imprisoned.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs WILLIAM COFIELD and BARBARA COFIELD'S constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiffs WILLIAM COFIELD and BARBARA COFIELD of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from the use of excessive force and/or the failure to intervene;

    C. To be free from seizure and arrest not based upon probable cause;

    D. To be free from malicious abuse of process;

    E. To be free from false imprisonment/arrest;

    F. To receive equal protection under law.

55. As a result of the foregoing, plaintiffs WILLIAM COFIELD and BARBARA COFIELD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

56. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Within ninety (90) days after the claim herein accrued, plaintiffs duly served

upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

58. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

59. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

60. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

61. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

62. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants arrested plaintiffs without probable cause.

64. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

65. As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

66. As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

67. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

69. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

70. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants made offensive contact with plaintiffs without privilege or consent.

72. As a result of defendants' conduct, plaintiffs have suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(<u>Malicious Abuse of Process under laws of the State of New York</u>)

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants issued criminal process against plaintiffs by causing them to be arrested, and requiring their appearance in Kings County Criminal Court.

75. Defendants compelled plaintiffs' appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

76. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

78. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

79. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

80. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

81. As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

84. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiffs.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

87. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §11)

91. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

93. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

95. As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs WILLIAM COFIELD and BARBARA COFIELD demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 22, 2010

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs WILLIAM COFIELD and BARBARA COFIELD